IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHIRLEY BLAIR,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 13-cv-921-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Shirley Blair's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Court denies Blair's motion.

1. **Background**

On April 27, 2006, Blair was charged in a superseding indictment with conspiracy to manufacture, distribute and possess methamphetamine in an amount exceeding 500 grams in violation of 21 U.S.C § 846. *See United States v. Blair*, Case No. 05-cr-40065-JPG, Doc. 26. On November 7, 2006, Blair pleaded guilty to the charge in the superseding indictment (Doc. 99 in criminal case). The Government filed an information pursuant to 21 U.S.C. § 851 to establish a prior conviction, raising her statutory mandatory minimum to twenty years imprisonment (Doc. 48 in criminal case). On April 6, 2007, this Court sentenced Blair to 262 months imprisonment, ten years supervised release, a $200.00 fine, and a $100.00 special assessment. Judgment was entered on April 10, 2007 (Doc. 144 in criminal case). Blair did not appeal her conviction or sentence. She now seeks to collaterally attack her sentence pursuant to 28 U.S.C. § 2255 based

on the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (June 17, 2013).

### 2. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Section 2255 imposes a one-year period of limitation that runs from the latest of:

> . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .

28 U.S.C. § 2255(f). Blair relies on the above-quoted section arguing that the Supreme Court's decision in *Alleyne,* decided June 17, 2013, establishes a new constitutional rule applicable to her case.

Blair's motion fails because *Alleyne* neither recognized a new right applicable to Blair's case, nor applied its rule retroactively to cases on collateral review. In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013). This finding was

consistent with *Apprendi*, in which the Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The Court recognized that the fact of prior conviction, as decided in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), provided one exception to this general rule. *Id*. In *Alleyne*, the Court specifically declined to address the continuing validity of the prior conviction exception because the parties did not raise the issue. *Alleyne*, 133 S. Ct. at 2160 n.1. Blair fails to specify how she believes the Court erred under the *Alleyne* ruling. However, the only fact that increased Blair's sentence that was not charged in the indictment was her prior conviction. Because *Alleyne* specifically declined to address the ongoing validity of the prior conviction exception, *Alleyne* did not recognize a new constitutional rule entitling Blair to relief.

   Even if *Alleyne*'s ruling was applicable to Blair, the Court has not declared it retroactive. *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. July 10, 2013). As the Seventh Circuit explained, *Alleyne* is an extension of *Apprendi*. *Id*. On collateral review, the Supreme Court has not retroactively applied other constitutional rules stemming from *Apprendi*, suggesting that it will not apply *Alleyne* retroactively on collateral review. *Id*. Accordingly, because *Alleyne* does not announce a rule impacting Blair's prior conviction enhancement and the Supreme Court has not declared *Alleyne* retroactive, the Court must deny Blair's motion.

Having denied Blair's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Blair has made no such showing. Therefore, the Court denies a certificate of appealability.

Pursuant to Rule 11(a), Blair may not appeal the denial of a certificate of appealability, but she may seek a certificate from the Court of Appeals for the Seventh Circuit.

### 3. Conclusion

Accordingly, this Court **DENIES** Blair's § 2255 motion and **DISMISSES** this action. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.  Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** September 10, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
